**Kenneth NEWBORN, et al., Appellant,**

v.

**UNITED STATES, Appellee.**

No. 03–5028.

United States Court of Appeals, District of Columbia Circuit.

Dec. 29, 2003.

Karl J. Protil, Jr., Shulman, Rogers, Gandal, Pordy & Ecker, Rockville, MD, for Plaintiff–Appellant.

R. Craig Lawrence, Claire M. Whitaker, Assistant U.S. Attorneys, Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Washington, DC, Charles Young, Arlington, VA, for Defendant–Appellee.

Before GINSBURG, Chief Judge, and GARLAND and ROBERTS, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has determined that the issues presented occasion no need for oral argument. *See* D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's order granting summary judgment to the United States be affirmed.

The district court granted summary judgment to the United States based upon its ruling that a physician located at the Walter Reed Army Medical Center in Washington, who was contacted by a primary care provider at a U.S. Army hospital in Germany for advice about treatment relating to Kenneth Newborn II's sickle cell anemia, owed Kenneth II no duty of care.

We agree with the district court that Newborn's claim the consulting physician's acts or omissions occurred within the United States was sufficiently substantial to provide a basis for the assertion of subject matter jurisdiction under the Federal Tort Claims Act. That Act allows tort suits against the United States but excepts "any claim arising in a foreign country." 28 U.S.C. § 2680(k). We also agree, however, with the district court that Newborn's claim fails on the merits. Because the consulting physician against whom Newborn alleged negligence is stationed in Washington, this court looks to the law of the District of Columbia to address the underlying tort claim. The first step in bringing a claim based upon a negligence theory is proving "a duty of care owed by the defendant to the plaintiff[.]" *Dist. of Columbia v. Harris,* 770 A.2d 82, 87 (D.C. 2001). Determining whether such a duty exists is a question of law to be determined by the court. *In re Sealed Case,* 67 F.3d 965, 968 (D.C.Cir.1995). Newborn argues the minimal contacts between the consulting physician at Walter Reed and Kenneth II's primary care provider in Germany "implicated a duty of care under District of Columbia law." We disagree. The undisputed facts of this case fail to indicate the consulting physician's brief exchanges with the primary care provider were anything but mere suggestions. Certainly the contacts were too informal and too limited to establish a duty of care running from the consulting physician at Walter Reed to Kenneth II. In the absence of a genuine issue of material fact to be tried, we hold the district court's grant of summary judgment was proper.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41.